# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　　　Plaintiff,<br>　vs.<br>JOSE AGUILERA,<br>　　　　　　　Defendant. | CASE NO. 17CR1529 WQH<br><br>ORDER |

HAYES, Judge,

The matter before the Court is the Motion to Revoke the Order of Detention and set bail (ECF No. 22) filed by Defendant.

**FACTS**

On May 18, 2017, Defendant was brought before a United States Magistrate Judge for an initial appearance. Defendant was appointed counsel. Plaintiff United States moved for an order of detention due to risk of flight.

On May 22, 2017, the Court continued the detention hearing at the request of the Defendant. The Magistrate Judge set a further detention hearing for June 1, 2017.

On June 1, 2017 the Magistrate Judge held a further hearing. The Court granted the oral motion of the Plaintiff United States for detention.

On June 9, 2017, the Court entered a Detention Order. The Magistrate Judge found that no condition or combination of conditions will reasonably assure the

appearance of the Defendant at future court proceedings.

On June 13, 2017, an Information was filed charging that the Defendant imported methamphetamine within the Southern District of California in violation of 21 U.S.C. § 952 and 960.

On August 13, 2017, Defendant filed the motion to revoke the order of detention. Defendant contends that the order of detention violated the Bail Reform Act and should be revoked. Defendant asserts that there was substantial information presented to the Magistrate Judge that a $20,000 personal appearance bond secured by the signature of two financially responsible adults and a 10% cash deposit complies with the statutory requirements. Defendant asserts that his substantial community and family ties to the United States, his lack of criminal record, and his positive employment history support release on conditions. Defendant asserts that his mother is a legal permanent resident residing in Calexico, that he has strong ties to Calexico, and that he can reside with his mother and other relatives in Calexico.

On August 16, 2017, this Court held a hearing on the Defendant's motion to revoke the order of detention. The Government continued to oppose release on the grounds that the Defendant has substantial ties with Mexico and has strong motive to flee. The Government asserts that Defendant's father lives in Mexicali, that the Defendant has crossed into Mexico 37 times in 2017, and that Defendant faces a substantial period of time in custody, if convicted.

## APPLICABLE LAW

The Bail Reform Act of 1984 permits pretrial detention of a defendant only where it is demonstrated either that there is a risk of flight or no assurance that release is consistent with the safety of another person or community. 18 U.S.C. § 3142 *et seq*. The evidence in the record must establish the risk of flight by a clear preponderance of the evidence and must demonstrate that there is no condition, or combination of conditions, that would reasonably assure Defendant's appearance at future proceedings if released on bond. *See United States v. Motamedi*, 767 F.2d 1403, 1406-07 (9th Cir.

1985). This Court reviews the evidence "de novo" and makes its own determination whether to modify the detention order. *United States v. Keonig*, 912 F.2d 1190, 1192-93 (9th Cir.1990). The Court takes into account all available information concerning the factors set forth in § 3142(g) in determining whether there are conditions of release that will reasonable assure the appearance of the Defendant including the nature and circumstances of the offense charged, the weight of the evidence, and the history and characteristics of the Defendant. The weight of the evidence is the least important of the various factors, but it is a factor to be considered under §3142(g)(2). *See United States v. Honeyman,* 470 F.2d 473, 474 (9th Cir. 1972).

Defendant is charged with an offense that creates a rebuttable presumption of flight risk. 18 U.S.C. §3142(e). "Although the presumption shifts a burden of production to the defendant, the burden of persuasion remains with the government." *U.S. v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008).

## RULING OF THE COURT

Defendant is charged in an indictment with importation of 500 grams or more of methamphetamine in violation of 21 U.S.C. § 952 and 960, a serious offense with a potential ten-year mandatory minimum sentence and a maximum sentence of life in prison. Even if Defendant is safety-valve eligible, he faces a substantial period of time in prison. The weight of the evidence is the least important factor but substantial in this vehicle compartment case. Defendant is a United States citizen with substantial ties to Mexico. Defendant's father resides in Mexicali and Defendant's crossing history shows that he has crossed into Mexico on a regular basis this year. Defendant has not demonstrated strong ties to Calexico or a positive employment history.

Each of the factors set forth in Section 3142(g) were considered by the Magistrate Judge and reviewed de novo by this Court. The Magistrate Judge reasonably concluded a $20,000 personal appearance bond secured by the signature of two financially responsible adults and a 10% cash deposit would not comply with the statutory requirements. This is a serious felony offense, Defendant has substantial ties to

Mexico, and Defendant has a strong motive to flee. Based upon the record, this Court concludes that the Government has carried its burden to show that there are no conditions of release at this time that will adequately assure the Defendant's presence at future proceedings if he is released.

IT IS HEREBY ORDERED that Motion to Revoke the Detention Order (ECF No. 22) is denied without prejudice.

DATED: August 28, 2017

**WILLIAM Q. HAYES**
United States District Judge